IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-05-168-L |
| | ) | No. CIV-07-1114-L |
| TUYEN VU NGO, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

On September 20, 2005, a federal grand jury returned a two-count indictment against defendant and three other men[1] charging them with conspiracy to possess with intent to distribute methylenedioxymethamphetamine ("MDMA") and possession of MDMA with intent to distribute. Two of defendant's co-defendants pled guilty[2] and one remains a fugitive.[3] Defendant's case was tried to a jury beginning March 23, 2006. The jury returned a verdict of guilty as to both counts on March 24, 2006. On July 10, 2006, defendant was sentenced to 240 months imprisonment on each count, to run concurrently.[4] The Court of Appeals for the Tenth Circuit affirmed

---

[1]In addition to Ngo, the Indictment named as defendants Eric S. Hsiung, Eric Chen, and Richard Young Kim.

[2]On February 2, 2006, Hsiung pled guilty to a Information charging him with one count of interstate travel in aid of a criminal enterprise in violation of 18 U.S.C. § 1952(a)(3). On March 15, 2006, Chen pled guilty to a two-count Information charging him with one count of interstate travel in aid of a criminal enterprise in violation of 18 U.S.C. § 1952(a)(3) and one count of conspiracy in violation of 18 U.S.C. § 371.

[3]Kim failed to appear for trial and, to date, has not been located.

[4]Defendant's guideline range was 324 to 405 months imprisonment. The court declined to run defendant's sentences consecutively up to the guideline range. The court's decision was based

defendant's conviction and sentence in an Order and Judgment issued May 3, 2007. Defendant did not file a petition for writ of certiorari; therefore, his conviction became final on August 1, 2007.

On October 1, 2007, defendant filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant asserts three grounds in support of his motion. First, he contends the search of the vehicle in which he was a passenger violated his Fourth Amendment rights as it was conducted without a warrant or the consent of its occupants. Second, he claims his retained counsel was ineffective at both the trial and appellate level.[5] Finally, he claims his "knowledge of English was so limited as to impair his ability to communicate with the counsel and the court." Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 5 (Doc. No. 233).

A prisoner who is in custody may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

on the totality of the circumstances of the case, defendant's comparative culpability, and the statutory purposes of sentencing. The court specifically found that concurrent 240-month sentences were sufficient to provide just punishment for the offenses, protect the public from further crimes of defendant, afford adequate deterrence, and avoid unwarranted sentencing disparities. Moreover, the court reasoned that it would be unconscionable to sentence defendant to the equivalent of a life sentence given that both counts involved the same conduct and the same drugs and defendant was basically acting as a mule for a larger drug organization.

[5]Jack D. McCurdy II was retained to represent defendant at both the trial level and on appeal.

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Issues that have been considered by the appellate court, however, are not proper subjects for a 2255 motion absent an intervening change in the law. *See* United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989). Likewise, § 2255 is not the appropriate vehicle to raise issues that should been raised on appeal. *See* United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). A defendant is barred from raising arguments for the first time in a 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (*citing* United States v. Frady, 456 U.S. 152, 167-68 (1982)). However, claims of ineffective assistance of counsel are not subject to procedural bar and, in fact, are more appropriately raised for the first time in § 2255 motions. Massaro v. United States, 538 U.S. 500, 505 (2003).

Turning to the merits of defendant's motion, the court finds relief based on defendant's first and third grounds is not warranted. Defendant's Fourth Amendment claim regarding the warrantless search of the car is procedurally barred as it should have been raised on direct appeal.[6] Likewise, defendant's claim relating to his ability

---

[6]The Fourth Amendment claim would not be procedurally barred if defendant demonstrated cause for the failure to raise it on appeal. Defendant, however, makes no attempt to establish cause on this issue; rather, the only assertions of ineffective assistance on appeal concern counsel's failure to argue his ineffectiveness at trial and counsel's failure to file a petition for writ of certiorari.

to understand English and to assist in his defense could have been raised on appeal, but was not.  In addition, the court finds defendant abandoned this claim as he presented no argument or evidence on this point.

The court also finds defendant is not entitled to relief based on his ineffective assistance claim.   To establish a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient in that it "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In applying this test, the court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.), cert. denied, 537 U.S. 1093 (2002) (quoting Strickland, 466 U.S. at 690).

> The proper measure of attorney performance is that of reasonably effective assistance under prevailing professional norms, considering all of the surrounding circumstances. The Court has been crystal clear that "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  For that reason, a reviewing court must "reconstruct the circumstances of counsel's challenged conduct [and] evaluate [that] conduct from counsel's perspective at the time."  Because of the difficulties that inhere in such a process, "a court must indulge a strong presumption that counsel's conduct falls

> within the wide range of reasonable professional assistance."

Bryan v. Mullin, 335 F.3d 1207, 1217 (10th Cir. 2003) (*en banc*) , *cert. denied*, 541 U.S. 975 (2004)(citations omitted).   In addition to establishing that counsel's performance was deficient, defendant must also show that "the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687.  The court need not address whether counsel's performance was deficient if defendant fails to prove actual prejudice.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686.

Defendant contends counsel provided ineffective assistance at all stages of his case.  He argues counsel provided ineffective assistance at the pretrial stage by failing to conduct an adequate pretrial investigation, including failing to interview the government's witnesses and to issue subpoenas to them, which would have assured their attendance at the suppression hearing and trial.  He claims counsel was ineffective at the trial stage because he failed to subpoena police officers to testify at trial, he failed to adequately cross-examine the cooperating defendant who testified, and he failed to present defendant's theory of the case.  With respect to sentencing, defendant charges his counsel failed to argue for a reduced sentence based on sentencing disparity.  Finally, defendant claims counsel was ineffective on

appeal because he did not argue his own ineffectiveness at the trial stage and because he did not file a petition for writ of certiorari on defendant's behalf.

The court finds defendant's ineffective assistance claims fail because defendant cannot establish prejudice. Testimony by additional officers at the suppression hearing would not have changed the court's ruling on the motion to suppress, particularly in light of the court's conclusion that defendant did not have standing to challenge the search of either car, including the car in which the contraband was found. Order at 10-11 (Doc. No. 140). Moreover, the alleged information these officers would have imparted – "that Ngo evinced no evidence of guilt whatever"[7] – does not address the main question at issue in the suppression hearing: whether the initial stop of the vehicles was justified.[8] Likewise, testimony from additional police witnesses at trial would not have altered the outcome of the trial given the evidence against defendant. Furthermore, contrary to defendant's assertion, counsel did effectively cross-examine the cooperating defendant, Eric Hsiung. Under cross-examination by defendant's counsel, Hsiung admitted that he received favorable treatment from the government and that defendant did not participate in at least one of the trips taken by Kim and Chen.[9] This testimony was

---

[7]Memorandum of Law in Support of § 2255 Motion at 5 (Doc. No. 234).

[8]The two officers who conducted the stops and the initial searches did testify at the suppression hearing and again at trial.

[9]Counsel elicited the following testimony on cross:

> Q.    That's not my question, sir.
>        When you were arrested and these charges were filed, you

helpful to defendant and defendant fails to outline any additional testimony that should been elicited.  He has thus failed to sustain his burden "of demonstrating how more extensive cross-examination . . . might have changed the outcome of this trial." Church v. Sullivan, 942 F.2d 1501, 1513 (10th Cir. 1991).  Defendant's argument that counsel failed to present his theory of the case – that is, that he was merely an unwitting participant without knowledge of the conspiracy – is belied by the record. In his closing argument, counsel focused on the court's instruction that "[m]ere presence at the scene of a crime and knowledge that a crime is being committed, without more, are not sufficient to establish that a defendant is guilty of it."  Court's Instruction No. 22 (Doc. No. 184); *see* Reporter's Transcript of Proceedings had on

---

> were looking at possibly having to go to prison for 20 years; is that correct?
>
> A.    Yes, sir.
>
> Q.    By going to the government and cooperating with them and coming here to testify today, you – that's no longer a possibility, is it, 20 years?
>
> A.    Yes, sir.
>
> Q.    You're going to get, at the most, five.
>
> A.    Yes, sir.
>
> * * *
>
> Q.    My question is: Eric and Richard were gone, yes, –
>
> A.    Yes.
>
> Q.    And that's when Mr. Ngo came and gave you a ride to work?
>
> A.    Yes, sir.

Reporter's Transcript of Proceedings had on March 23, 2006 at 306-7, 312.

March 24, 2006 at 416-17.   In addition, counsel clearly questioned whether defendant was involved in the conspiracy or knowingly possessed the contraband by vigorously cross-examining the government's witnesses and challenging Hsiung's knowledge of defendant's participation in the crime.   Far from demonstrating that counsel's conduct "undermined the proper functioning of the adversarial process",[10] a review of the record demonstrates counsel provided defendant with vigorous, effective representation.   Likewise, defendant's conclusory allegations that counsel provided ineffective assistance at sentencing are not sufficient to warrant collateral relief.   Defendant did not provide the names of any mitigation witnesses who should have been called at sentencing, nor did he indicate the substance of their testimony. Furthermore, it is undisputed that the court considered sentencing disparities between defendant and his co-defendants when it declined to sentence defendant to consecutive sentences up to the advisory guideline range.[11]   Finally, the court finds that neither counsel's failure to raise an ineffective assistance claim on appeal nor his failure to file a petition for writ of certiorari provides grounds for relief. Ineffective assistance claims are ordinarily litigated in the first instance on collateral review, and indeed, are subject to dismissal if asserted on direct appeal.   Massaro, 538 U.S. at 505; United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). Retained counsel's failure to file a petition for writ of certiorari on defendant's behalf

[10]Strickland, 466 U.S. at 686.

[11]Under the Guidelines, defendant could have received an additional 84 to 165 months imprisonment had the court not run the sentences concurrently.

does not constitute ineffective assistance.  "[T]he right to effective assistance of counsel is dependent on the right to counsel itself."  <u>Evitts v. Lucey</u>, 469 U.S. 387, 396 n.7 (1985).   A criminal defendant, however, has no constitutional right to assistance of counsel beyond the first-tier appeal to the Court of Appeals.[12]

In sum, the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 233) is DENIED.  Judgment will issue accordingly.

It is so ordered this 12th day of August, 2008.

_Tim Leonard_

TIM LEONARD
United States District Judge

---

[12]The court, however, agrees with the Court of Appeals for the Second Circuit that "as a matter of sound professional practice, retained counsel representing federal criminal defendants . . . should, like their CJA counterparts, inform their clients of the availability of, and the process for, pursuing certiorari review and assist them with filing appropriate certiorari petitions, if retained to do so."  <u>Pena v. United States</u>, __ F.3d __, 2008 WL 2789499 at *2 (2d Cir. July 21, 2008).